UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JEREMY HAMBLY,                    )
                                  )
            Plaintiff,            )
                                  )
v.                                )        Cause No. 1:18-cv-03071-JMS-TAB
                                  )
MATT LOTER,                       )
                                  )
            Defendant.            )

### DEFENDANT'S RESPONSE TO PLAINTIFF'S
### FIRST AMENDED COMPLAINT
### AND DEFENDANT'S AFFIRMATIVE DEFENSES

As and for a response to Plaintiff's First Amended Complaint, Defendant, by his attorneys, Carney Thorpe, LLC, by Stephanie R. Losching, state as follows:

1.      Answering paragraph 1 of Plaintiff's First Amended Complaint, Defendant is without information and belief to admit or deny, and therefore, denies the allegations contained therein.

2.      Answering paragraph 2 of Plaintiff's First Amended Complaint, Defendant admits that he is a United States citizen and citizen of the state of Connecticut with a residential address of 81 Beacon Avenue, New Haven, CT 06512.

3.      Answering paragraph 3 of Plaintiff's First Amended Complaint, Defendant is without sufficient information and belief to admit or deny the allegations and therefore denies the same and holds Plaintiff to the strictest burden of proof permitted by law that the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.      Paragraph 4 of Plaintiff's First Amended Complaint calls for a legal conclusion and therefore no response is required. If there are any factual conclusions contained in paragraph 4 of

1

Plaintiff's First Amended Complaint, Defendant denies all allegations and holds Plaintiff to the strictest burden of proof permitted by law.

5. Paragraph 5 of Plaintiff's First Amended Complaint calls for a legal conclusion and therefore no response is required. If there are any factual conclusions contained in paragraph 5 of Plaintiff's First Amended Complaint, Defendant denies all allegations and holds Plaintiff to the strictest burden of proof permitted by law.

6. Answering paragraph 6 of Plaintiff's First Amended Complaint, Defendant is without sufficient information and belief to admit or deny the allegations contained therein, and therefore, denies the same.

7. Answering paragraph 7 of Plaintiff's First Amended Complaint, Defendant is without sufficient information and belief to admit or deny the allegations contained therein, and therefore, denies the same.

8. Answering paragraph 8 of Plaintiff's First Amended Complaint, Defendant admits the allegations contained therein.

9. Answering paragraph 9 of Plaintiff's First Amended Complaint, Defendant is without sufficient information and belief to admit or deny the allegations contained therein, and therefore, denies the same.

10. Answering paragraph 10 of Plaintiff's First Amended Complaint, Defendant admits only that, upon information and belief, Gen Con Gen Con features many of the newest trading card games, board games and digital games and it is attended by many influential people in those industries. Defendant is without sufficient information and belief to admit or deny the remaining allegations contained in paragraph 10 of Plaintiff's First Amended Complaint, and therefore, denies the same.

11.     Answering paragraph 11 of Plaintiff's First Amended Complaint, Defendant is without sufficient information and belief to admit or deny the allegations contained therein, and therefore, denies the same.

12.     Answering paragraph 12 of Plaintiff's First Amended Complaint, Defendant admits the allegations contained therein, yet denies any characterization of the photo contained in paragraph 12 of Plaintiff's First Amended Complaint.

13.     Answering paragraph 13 of Plaintiff's First Amended Complaint, Defendant admits the allegations contained therein, yet denies any characterization of the language contained in paragraph 13 of Plaintiff's First Amended Complaint as it does not represent the entire contents of the interview.

14.     Answering paragraph 14 of Plaintiff's First Amended Complaint, Defendant admits the allegations contained therein, yet denies any characterization of the language contained in paragraph 14 and affirmatively alleges that the tweet speaks for itself.

15.     Answering paragraph 15 of Plaintiff's First Amended Complaint, Defendant admits only that "Matt Fantastic" is a pseudonym of Defendant and that Defendant holds a Twitter account with the name "@Prettiest_Matt". With respect to the remaining allegations in paragraph 15 of Plaintiff's First Amended Complaint, Defendant specifically denies that the phrase "real talk" indicated that any language was serious and not satirical and further, Defendant is without sufficient information and belief to admit or deny what Hambly has or has not publicly criticized in the past but, upon information and belief, Plaintiff has publicly criticized the organization Feminist Frequency in the past. Defendant denies all remaining allegations contained in paragraph 15 inconsistent with its response herein.

16.    Answering paragraph 16 of Plaintiff's First Amended Complaint, Defendant is without sufficient information and belief to admit or deny the allegations contained therein, and therefore, denies the same.

17.    Answering paragraph 17 of Plaintiff's First Amended Complaint, Defendant is without sufficient information and belief to admit or deny the allegations contained therein, and therefore, denies the same.

18.    Answering paragraph 18 of Plaintiff's First Amended Complaint, Defendant is without sufficient information and belief to admit or deny the allegations contained therein, and therefore, denies the same.

19.    Answering paragraph 19 of Plaintiff's First Amended Complaint, Defendant is without sufficient information and belief to admit or deny the allegations contained therein, and therefore, denies the same.

20.    Answering paragraph 20 of Plaintiff's First Amended Complaint, Defendant admits the allegations contained therein, yet denies any characterization of the language contained in paragraph 20 and affirmatively alleges that the Facebook post speaks for itself.

21.    Answering paragraph 21 of Plaintiff's First Amended Complaint, Defendant admits the allegations contained therein.

22.    Answering paragraph 22 of Plaintiff's First Amended Complaint, Defendant denies all of the allegations contained therein.

23.    Answering paragraph 23 of Plaintiff's First Amended Complaint, Defendant is without sufficient information and knowledge to admit or deny the allegations and therefore, denies the same.

4

24.    Answering paragraph 24 of Plaintiff's First Amended Complaint, Defendant admits only that he deleted or made private his social media accounts, including his Matt Fantastic Facebook account and his @Prettiest_Matt Twitter account as a result of Plaintiff and other fans and Plaintiff's harassment of Defendant. Defendant denies all remaining allegations contained in paragraph 24 not consistent with the response herein.

25.    Answering paragraph 25 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein.

26.    Answering paragraph 26 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein.

27.    Answering paragraph 27 of Plaintiff's First Amended Complaint, upon information and belief, Defendant admits the allegations contained therein.

28.    Answering paragraph 28 of Plaintiff's First Amended Complaint, Defendant admits only that he previously participated in Gen Con before 2018 in a vendor or exhibitor capacity. Defendant denies all remaining allegations contained in paragraph 28 inconsistent with its response contained herein and holds Plaintiff to the strictest burden of proof permitted by law.

29.    Answering paragraph 29 of Plaintiff's First Amended Complaint, Defendant is without sufficient information and knowledge to admit or deny the allegations, and therefore, denies the same.

30.    No response is required to paragraph 30 of Plaintiff's First Amended Complaint.

31.    Answering paragraph 31 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein.

32.    No response is required to paragraph 32 of Plaintiff's First Amended Complaint.

33.    Answering paragraph 33 of Plaintiff's First Amended Complaint, Defendant denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

Defendant, Matt Loter, alleges as his Affirmative defenses as follows:

1.    Plaintiff fails to state a claim upon which relief can be granted.

2.    Any and all damages incurred by Plaintiff are the result of Plaintiff's own negligence.

3.    Plaintiff's damages are barred by a lack of subject matter jurisdiction.

4.    Plaintiff's claims fail as a result of the unclean hands doctrine.

5.    Defendant reserves the right to amend these affirmative defenses as additional information is revealed.

Dated this 21st day of December, 2018.

CARNEY THORPE, LLC

By: _____
Stephanie R. Losching
slosching@carneythorpe.com
Wisconsin State Bar #1097874
Attorney for Defendant

ADDRESS:
2620 N. Pontiac Drive
P.O. Box 2000
Janesville, WI 53547-2000
(608)754-1700
FAX: (608)754-1900

6

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2018, a copy of the foregoing Response to Plaintiff's

First Amended Complaint and Defendant's Affirmative Defenses was filed electronically. Service

of this filing made on all ECF-registered counsel and parties by operation of the court's electronic

filing system. Parties may access this filing through the court's system.

William S. Richmond
PLATT CHEEMA RICHMOND PLLC
1201 N Riverfront Blvd., Suite 150
Dallas, TX 75207
brichmond@pcrfirm.com
Counsel for Plaintiff

Stephanie R. Losching

Carney Thorpe, LLC
2620 N. Pontiac Drive
P.O. Box 2000
Janesville, WI 53547-2000
Phone: (608)754-1700
Facsimile: (608) 754-1900
slosching@carneythorpe.com