**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| **JEREMY HAMBLY,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **VS.** | § | No. 1:18-cv-03071-JMS-TAB |
| | § | |
| **MATT LOTER,** | § | |
| | § | |
| *Defendant*. | § | |

**PLAINTIFF'S JURISDICTIONAL STATEMENT**

Plaintiff Jeremy Hambly ("Hambly") file this Jurisdictional Statement and would respectfully show the following factual support for this Court's jurisdiction over the instant claims:

**CITIZENSHIP**

1.      Hambly is a United States citizen and citizen of the State of Wisconsin who resides in the State of Wisconsin. (Hambly Decl. ¶ 2.)

2.      Loter is a United States citizen and citizen of the State of Connecticut.

**AMOUNT IN CONTROVERSY**

3.      Plaintiff Hambly has compensatory damages of over $350,000 and additional punitive damages of not less than $50,000 under Indiana law.

**A.      Compensatory Damages**

4.      Hambly has incurred approximately $1,000 in medical bills and expenses. (*Id*. ¶ 3.)

5.      Hambly intended on attending Gen Con 2018 for the purpose of generating content and obtaining sponsors for his YouTube channel "UnsleevedMedia," which focuses on collectible card games. (*Id*. ¶ 4.)

6.      The events alleged in the Complaint directly resulted in Hambly's inability meaningfully attend Gen Con 2018 (and its associated meetings and events), which directly caused him substantial economic harm. (*Id*. ¶ 5.)

7.      The significance of Gen Con attendance to Hambly's revenue stream is evident by comparing UnsleevedMedia's YouTube revenue for the year following Gen Con 2017 (the first year Hambly started attending Gen Con in support of his business) against the preceding year:

| Time Period | YouTube Estimated Revenue |
|---|---|
| August 2016—July 2017 | $19,941.29 |
| August 2017—July 2018 (year after Gen Con 2017) | $29,696.03 |

8.      The year over year increase attributed to Hambly's attending Gen Con 2017 is $9,694.74. (*Id*. ¶¶ 6-7.)

9.      August 2017 was Hambly's first time attending Gen Con for business, and so Hambly reasonably expected higher returns on his subsequent attendances. (*Id*. ¶ 8.)

10.     Hambly reasonably estimates the YouTube revenue losses arising out of his inability to generate Gen Con 2018 related content as $40,000. (*Id*. ¶ 9.)

11.     Separate from the above YouTube revenue, Hambly also planned on and took steps towards securing sponsorships at Gen Con 2018, wherein game manufacturers would pay approximately $1,000 per video for Hambly to feature their games on one or more of his channels. (*Id*. ¶ 10.)

12.     Hambly reasonably expected to obtain $25,000 in this form of revenue. (*Id*. ¶ 11.) Hambly has successfully charged $1,000 per sponsored video previously, and had favorable communications indicating interest in a sponsorship with game manufacturers attending Gen Con

2018, e.g., PlayFusion Limited. These sponsorships never materialized directly because of the allegations set forth in the Complaint. (*Id*. ¶ 12.)

13.     Taken together, Hambly's estimated lost revenue from Gen Con 2018 and its assorted meetings is $65,000. (*Id*. ¶ 13.)

14.     Hambly was also banned for life from attending Gen Con as a direct result of the allegations in the Complaint. The estimated damages from the ban is equal to the net present value of $65,000 per year for the next five years. Using a discount rate of 5%, this equals $281,415.98 for years 2019-2023. (*Id*. ¶ 14.)

15.     The total sum of the lost Gen Con-related revenue for 2018-2023 equals $346,415.98. (*Id*. ¶ 15.)

16.     Additionally, Hambly may recover damages for emotional distress. *See Turner v. Marion County Sheriff Dep't*, 94 F. Supp. 2d 966, 995 (S.D. Ind. 2000) ("Plaintiffs may recover damages for mental pain and anguish, shame, and humiliation that are caused by a battery."). The estimated monetary value of Hambly's emotional distress is not less than $10,000. (*Id*. ¶ 16.)

## B.     Punitive Damages

17.     If the amount-in-controversy requirement is not met by compensatory damages alone, punitive damages must be considered. *LM Ins. Corp. v. Spaulding Enters.*, 533 F.3d 542, 551 (7th Cir. 2008); *see also Cadek v. Great Lakes Dragaway*, 58 F.3d 1209, 1211 (7th Cir. 1995) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining the jurisdictional amount.").

18.     A two-step process controls whether punitive damages may factor into the amount-in-controversy requirement. "[T]he court must first determine whether punitive damages are recoverable under state law. If punitive damages are available, *subject matter jurisdiction exists*

*unless it is 'legally certain'* that the plaintiff will be unable to recover the requisite jurisdictional amount." *LM Ins. Corp.*, 533 F.3d at 551 (emphasis added).

19.     Punitive damages, up to a limit of the lesser of (1) $50,000 and (2) three times compensatory damages, are recoverable under Indiana state law. IND. CODE ANN. § 34-51-3-4 (2016). Plaintiff is unaware of (and Defendant has raised no) fact or legal issue making it "legally certain" Hambly "will be unable to recover the requisite jurisdictional amount." Accordingly, the combination of compensatory and punitive damages meets the amount-in-controversy requirement.

Respectfully submitted,

/s/ Bill S. Richmond
William S. Richmond
Texas Bar No. 24066800 (*Pro Hac Vice*)
brichmond@pcrfirm.com
**PLATT CHEEMA RICHMOND PLLC**
1201 N. Riverfront Blvd., Suite 150
Dallas, Texas 75207
214.559.2700 Main
214.559.4390 Fax

**ATTORNEY FOR PLAINTIFF**
**JEREMY HAMBLY**

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2019, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel and parties by operation of the court's electronic filing system. Parties may access this filing through the court's system.

/s/ William S. Richmond
William S. Richmond