UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JEREMY HAMBLY,                          )
    *Plaintiff*,                         )
                                        )
    *vs.*                               )     1:18-cv-03071-JMS-TAB
                                        )
MATT LOTER,                             )
    *Defendant*.                        )

## <u>ORDER</u>

This is the third jurisdictional order the Court has issued in this case since it was filed on October 4, 2018. Five days after the case was filed, the Court identified numerous jurisdictional issues with Plaintiff's allegations and ordered Plaintiff to file an amended complaint properly alleging diversity jurisdiction. [Filing No. 6.] Plaintiff did so on October 19, 2018, and in his Amended Complaint, Plaintiff adequately alleged that this Court has diversity jurisdiction over this matter. [Filing No. 7.]

Defendant filed his Answer on December 21, 2018, and denied several of Plaintiff's jurisdictional allegations, [Filing No. 15], resulting in the Court issuing a second jurisdictional order in which it ordered the parties to file a joint jurisdictional statement, or, if agreement could not be reached, competing jurisdictional statements properly setting forth each party's citizenship and whether the amount in controversy exceeds $75,000. [Filing No. 16.]

In response to the Court's order, the parties filed competing jurisdictional statements, which the Court will now consider. Defendant filed his statement first and stated that he had requested "documentation supporting the allegation brought by Plaintiff that the amount in controversy exceeds $75,000 exclusive of interest and costs," but had received none. [Filing No. 17 at 1.] Defendant further noted that he was "skeptical and ha[d] serious doubts that the

- 1 -

compensatory damages, punitive damages, as well and pain and suffering, has a reasonable probability of the Plaintiff recovering in excess of $75,000, exclusive of interest and costs." [Filing No. 17 at 1.] Lastly, Defendant stated that he "does admit that the parties are diverse for jurisdiction purposes, as Plaintiff resides in the state of Wisconsin and Defendant resides in the state of Connecticut." [Filing No. 17 at 2.]

Subsequently, Plaintiff filed his jurisdictional statement in which he alleged that he has "compensatory damages of over $350,000 and additional punitive damages of not less than $50,000 under Indiana law," and gave additional details regarding the damages he alleges as a result of his assault and battery by Defendant. [Filing No. 18 at 1.] Plaintiff's alleged damages in this case can be divided into five categories:

(1) medical bills in the amount of $1,000, [Filing No. 18 at 2];

(2) lost revenue in the amount of $65,000 as a result of Plaintiff's inability to attend Gen Con 2018, [Filing No. 18 at 3];

(3) damages that Plaintiff estimates to "equal to the net present value of $65,000 per year for the next five years," or $281,415.98 as a result of his having been banned for life from attending Gen Con, [Filing No. 18 at 3];

(4) emotional distress due to the battery, with an "estimated monetary value of . . . not less than $10,000," [Filing No. 18 at 3]; and

(5) punitive damages "up to a limit of the lesser of (1) $50,000 and (2) three times compensatory damages, [which] are recoverable under Indiana state law," [Filing No. 18 at 4].

To invoke diversity jurisdiction, the party seeking to invoke it must establish both complete diversity of citizenship and that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). With regard to complete diversity of citizenship,

Defendant improperly claimed in his jurisdictional statement that diversity exists because of residency rather than citizenship. *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction"). However, the burden is on Plaintiff to establish that diversity exists and based upon Plaintiff's jurisdictional statement setting forth the citizenship of both parties, the Court is satisfied that there is complete diversity between the parties.

At issue here is only whether the amount in controversy exceeds $75,000. Helpful to the Court is the Seventh Circuit's analysis of this issue in *Meridian Sec. Ins. Co. v. Sadowski*, in which the court stated that:

> a proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence. Once the facts have been established, uncertainty about whether the plaintiff can prove its substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal. . . . Only if it is "legally certain" that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed.

441 F.3d 536, 543 (7th Cir. 2006) (citations omitted).

Under this rubric, Defendant has not actually contested Plaintiff's material factual allegations. Defendant's jurisdictional statement merely cites "skepticism" that Plaintiff has a "reasonable probability" of recovering over $75,000, exclusive of interests and costs.[1] Should Defendant wish to challenge Plaintiff's factual allegations concerning the amount in controversy, he may do so by filing a Motion to Dismiss to that effect on or before **February 1, 2019**.

---

[1] As *Meridian* makes clear, the "reasonable probability" standard is not the standard this Court must apply in determining the amount in controversy. *Meridian* expressly overturning prior circuit law that a party seeking to invoke diversity jurisdiction had to prove a "reasonable probability that jurisdiction exists." 441 F.3d at 543 ("'Reasonable probability that jurisdiction exists', a phrase with no provenance and no following outside this circuit, is banished from our lexicon"). Accordingly, any subsequent filings by the parties concerning the amount in controversy should adhere to the test set forth in Meridian: "Only if it is 'legally certain' that the recovery (from plaintiff's perspective) or cost of complying with the judgment (from defendant's) will be less than the jurisdictional floor may the case be dismissed." *Id*. at 543.

- 4 -

Date: 1/17/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**

- 4 -